UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>LASSEN ADULT DETENTION FACILITY, et al.,<br><br>          Defendants. | No.  2:15-cv-1558 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's requests for subpoenas.  (ECF Nos. 53, 55.)  For the following reasons, plaintiff's requests for subpoenas are denied.

Plaintiff requests that subpoenas be issued to defendants Lassen County Jail Commander Jones and Lassen County Sheriff Growden and several non-parties for a variety of documents.

A subpoena may direct a non-party, pursuant to Federal Rule of Civil Procedure 45, to produce documents or other tangible objects for inspection.  The court must "issue and serve all process and perform all such duties" for a plaintiff proceeding in forma pauperis. 28 U.S.C. § 1915(d).  Plaintiff, proceeding in forma pauperis, thus "is generally entitled to obtain service of a subpoena duces tecum by the United States Marshal. 28 U.S.C. § 1915(d)." Heilman v. Lyons, 2010 WL 5168871, *1 (E.D. Cal. Dec. 13, 2010); but see, Garcia v. Grimm, 2012 WL 216565, *

1

4 (S.D. Cal. Jan. 23, 2012) (citing Tedder v. Odel, 890 F.2d 210, 211, 212 (9th Cir. 1989) ("Plaintiff, however, is responsible for paying all fees and costs associated with the subpoenas...fees are not waived based on Plaintiff's in forma pauperis status").

Because Federal Rule of Civil Procedure 45(b) requires personal service of a subpoena, "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." Austin v. Winett, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d). Limitations on a subpoena include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third-party. See, e.g., Davis v. Ramen, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010). "The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605.

Plaintiff's request for subpoenas addressed to defendants is denied on grounds that Federal Rule of Civil Procedure 45 does not authorize service of subpoenas on parties. With respect to the non-parties listed in the pending requests, plaintiff has not demonstrated that the documents and records sought are obtainable only through those non-parties. It appears that many of the documents sought, such as grievances filed by plaintiff while housed at the Lassen County Jail, are obtainable from defendants. For these reasons, plaintiff's requests for subpoenas are denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's requests for subpoenas (ECF Nos. 53, 55) are denied.

Dated: September 23, 2016

Hoff1558.sub

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2