UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>LASSEN ADULT DETENTION FACILITY, et al.,<br><br>    Defendants. | No. 2: 15-cv-1558 JAM KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for a jury trial before the Honorable John A. Mendez on June 18, 2018. On March 2, 2018, the undersigned issued the pretrial order. (ECF No. 108). Several matters are pending before the court.

Plaintiff's Supplemental Pretrial Statement

Pursuant to the mailbox rule, plaintiff filed his supplemental pretrial statement on February 28, 2018. (ECF No. 110 at 41.) On March 7, 2018, defendants filed an opposition to this pleading. (ECF No. 111.)

*New Witnesses/Waiver of Fees*

In the supplemental pretrial statement, plaintiff appears to request that the court order the U.S. Marshal to serve subpoenas on thirteen unincarerated witnesses: Roger Stephens, J. Uberue,

1

Dr. Fithian, Michelle McGee, Keith Stewart, Dena Adams, Michele Spillers, Amy Foster, Luckey Price, Monique Agee, Sergeant Grey, John Minaue, and Dean Growden. (Id. at 2.) Plaintiff requests that the requirement that he pay witness fees and travel fees be waived based on his in forma pauperis status. (Id. at 2-4.) The pretrial order identified plaintiff's witnesses as J. Langslet, J. Utter, L. Price, A. Wilson, H. Hewitt, M. Agre, C. Mock, Reed, Foster, Uberue and K. Jones. (ECF No. 108 at 3.)

Plaintiff's in forma pauperis status does not entitle him to waiver of witness fees and travel fees. See Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) ("Although the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses.") Accordingly, plaintiff's request for the court to waive witness fees and travel fees, and to order the U.S. Marshal to serve his subpoenas, is denied.

Defendants also object that plaintiff's supplemental pretrial statement names new witnesses. Defendants argue that plaintiff did not comply with the procedures for naming new witnesses, as set forth in the pretrial order. The pretrial order provided that no witnesses, other than those identified in the pretrial order, would be permitted to testify unless: 1) the party offering the witness demonstrated that the witness was for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference; or 2) the witness was discovered after the pretrial conference and the party demonstrated that the witness could not have been reasonably discovered prior to pretrial. (ECF No. 108 at 4.)

Because plaintiff filed the supplemental pretrial statement before the court issued the pretrial order, the undersigned finds that the procedures set forth above are not applicable to the new witnesses named in the supplemental pretrial statement. Accordingly, the pretrial order is amended to include the new witnesses identified by plaintiff in the supplemental pretrial statement: Roger Stephens, Dr. Fithian, Monique Agee, Michelle McGee, Keith Stewart, Dena Adams, Michele Spillers, Sergeant Grey, John Minaue and Dean Growden.

As stated in the pretrial order, each party may call any witnesses designated by the other. (ECF No. 108 at 4.) However, it is plaintiff's obligation to bring to trial his witnesses not also

2

listed as defendants' witnesses.

*New Exhibits*

In the supplemental pretrial statement, plaintiff lists additional exhibits he intends to offer at trial including his summary judgment motion, his declaration and exhibits submitted in support of his summary judgment motion, his opposition to defendants' summary judgment motion, his declaration and exhibits submitted in support of his opposition to defendants' summary judgment motion, his motion of stipulated facts, and his request for admissions. (ECF No. 110 at 3-4.)

In their objections, defendants argue that plaintiff's request to supplement his pretrial statement to include these exhibits should be denied because he did not follow the procedures set forth in the pretrial order. (ECF No. 111 at 4.) The pretrial order stated that no exhibits, other than those identified in the pretrial order, would be permitted to be introduced at trial unless: 1) the party proffering the exhibit demonstrated that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated; or 2) the exhibit was discovered after the issuance of the pretrial order. (ECF No. 108 at 5.)

Because plaintiff identified the new exhibits in a document he filed before the pretrial order was issued, the procedures described above are not applicable. Good cause appearing, plaintiff's request to supplement his exhibit list with these exhibits is granted. Plaintiff shall provide defendants with copies of the new exhibits identified in his supplemental pretrial statement thirty days prior to trial.

*Plaintiff's Objections to Defense Witness Simoni*

In the supplemental pretrial statement, plaintiff objects to defendants' witness Casey Simoni. Attached to the supplemental pretrial statement are exhibits which plaintiff appears to offer to impeach the proposed testimony of Casey Simoni.

Plaintiff may file a motion in limine addressing his objections to the testimony of Casey Simoni.

In the opposition, defendants move to strike plaintiff's exhibits attached to the supplemental pretrial statement offered for the purpose of impeaching Casey Simoni's testimony. (ECF No. 111.) Defendants argue that these exhibits are confidential, juvenile dependency

3

records from Lassen County Superior Court Case no. J6134. (Id. at 4.) Defendants argue that state court juvenile dependency proceedings are confidential, citing California Rule of Court, Rule 5.552 and California Welfare and Institutions Code Sections 827 and 828. (Id.) Defendants argue that the intentional violation of the confidentiality provisions of California Welfare and Institutions Code Sections 827 and 828 may result in a misdemeanor. (Id.)

The undersigned orders the exhibits attached to plaintiff's supplemental pretrial statement from the juvenile court proceedings filed under seal. Defendants may object to these exhibits in a motion in limine.

Motion for Appointment of Counsel and Motion for U.S. Marshal to Serve Subpoenas

On March 9, 2018, plaintiff filed a motion for appointment of counsel (ECF No. 112) and a motion requesting that the court waive plaintiff's payment of witness fees and travel fees, and order U.S. Marshal to serve subpoenas on his witnesses (ECF No. 113.)

For the reasons discussed above, plaintiff's motion for the U.S. Marshal to serve subpoenas on his witnesses, and to waive plaintiff's payment of witness fees and travel fees, is denied.

Turning to plaintiff's motion for appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

////

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. The remaining issue for trial is whether defendant Jones denied plaintiff's request for a kosher diet in violation of plaintiff's First Amendment rights. The main disputed fact is the sincerity of plaintiff's beliefs in the Jewish religion. The remaining issues in this case are not particularly complex. Plaintiff has competently litigated this action. For these reasons, plaintiff's motion for appointment of counsel to represent him at trial is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to name new witnesses, contained in his supplemental pretrial statement, is granted; the pretrial order is amended to identify the follow additional witnesses for plaintiff: Roger Stephens, Dr. Fithian, Monique Agee, Michelle McGee, Keith Stewart, Dena Adams, Michele Spillers, Sergeant Grey, John Minaue and Dean Growden.

2. Plaintiff's request for the court to order the U.S. Marshal to serve subpoenas on his witnesses, contained in his supplemental pretrial statement, is denied.

3. Plaintiff's request to supplement his exhibit list, contained in his supplemental pretrial statement, is granted; the pretrial order is amended to include the additional exhibits identified by plaintiff in his supplemental pretrial statement.

4. Plaintiff's motion for appointment of counsel (ECF No. 112) is denied.

5. Plaintiff's motion for the U.S. Marshal to serve subpoenas (ECF No. 113) is denied.

6. The Clerk of the Court is directed to file *under seal* all exhibits attached to plaintiff's supplemental pretrial statement, i.e., ECF No. 110 at 10-41.

Dated: March 15, 2018

Hoff1558.31

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE