UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LASSEN ADULT DETENTION FACILITY, et al.,<br><br>　　　　Defendants. | No. 2: 15-cv-1558 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for trial before the Honorable John A. Mendez on October 22, 2018. Pending before the court is defendant's motion to consolidate for trial this action with Hoffman v. Jones, 15-cv-1526 JAM EFB P. (ECF No. 127.) On September 10, 2018, plaintiff filed an opposition. (ECF No. 128.) On September 12, 2018, defendant filed a reply. (ECF No. 129.)

For the reasons stated herein, the undersigned recommends that defendant's motion to consolidate be denied.

Legal Standard

Federal Rule of Civil Procedure 42(a) permits the court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of

1

judicial economy and convenience. See Devlin v. Transportation Communications Intern. Union, 175 F.3d 121, 130 (2d. Cir. 1999); Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995). The purpose of consolidation is to avoid unnecessary cost or delay where the claims and issues contain common aspects of law or fact. E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998); see also Malone v. Strong, 2016 WL 3546037, n.2 (W.D. Wash. 2016) (citing E.E.O.C., 135 F.3d at 551) (primary purpose of consolidation is to promote trial court efficiency and avoid the danger of inconsistent adjudications).

District courts have broad discretion to grant or deny consolidation. Pierce v. Cnty. of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008); see also In re Adams Apples, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987). In deciding whether to consolidate, a court should weigh "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause," Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984); see also Zhu v. UCBH Holdings, Inc., 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010), as well as balancing "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." S.W. Marine Inc. v. Triple A Mach. Shop, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Discussion

At the outset, the undersigned describes the claims on which 15-1558 and 15-1526 proceed.

Case No. 15-1558 proceeds against defendant Lassen County Jail Commander Jones as to plaintiff's claim that defendant Jones violated plaintiff's First Amendment rights by denying plaintiff's request for a Kosher diet in 2015.

Case No. 15-1526 also proceeds against defendant Jones. In 15-1526, plaintiff alleges that in 2015, defendant Jones retaliated against him for filing grievances regarding several matters by threatening plaintiff with the loss of good time credits if he continued to use the grievance procedure. In 15-1526, plaintiff claims that defendant Jones threatened to retaliate against him for filing grievances, including one regarding plumbing, and because plaintiff had gone "over his head" to get his Kosher diet approved, via administrative grievance.

The undersigned now considers whether 15-1558 and 15-1526 involve common questions of fact or law. Cases 15-1558 and 15-1526 do not involve common questions of law. Case 15-1558 involves whether defendant Jones denied plaintiff's First Amendment right to practice his religion by denying plaintiff's request for a Kosher diet. Case 15-1526 involves whether defendant Jones retaliated against plaintiff for filing grievances.

For the reasons stated herein, the undersigned finds that 15-1558 and 15-1526 do not involve common questions of fact. In 15-1558, defendant does not dispute that he denied plaintiff's request for a Kosher diet, which was ultimately approved by Lassen County Undersheriff Mineau. (ECF No. 106 at 2 (defendant's pretrial statement). The main issue to be addressed at trial in 15-1558 is the sincerity of plaintiff's religious beliefs, the harm suffered by plaintiff as a result of not receiving his Kosher meals, and the degree to which plaintiff's exercise of religion was burdened.

Case 15-1526 does not involve plaintiff's religious beliefs. Instead, 15-1526 addresses whether defendant Jones retaliated against plaintiff for filing grievances, including the grievance requesting a Kosher meal. In the findings and recommendations filed in 15-1526 addressing defendant's summary judgment motion, Magistrate Judge Brennan stated,

> [t]he crux of defendant's motion for summary judgment is his argument that by simply informing plaintiff of the disciplinary consequences of abuse of the grievance process, defendant served the legitimate correctional goal of curbing excessive grievances. But the evidence before the court concerning whether plaintiff's grievances were excessive – particularly in the time before defendant made the statement is in conflict.

(15-cv-1526 at ECF No. 46 at 12.)

It is clear that the sincerity of plaintiff's religious beliefs is not relevant to the retaliation claim raised in 15-1526.

Defendant argues that if these actions have separate trials, two different factfinders may have to determine whether plaintiff's grievance with respect to Kosher meals was meritorious or abusive, and each factfinder could come to an opposite conclusion.

As discussed above, it is undisputed that Undersheriff Mineau granted plaintiff's grievance requesting a Kosher diet. Based on this circumstance, the undersigned does not

3

understand defendant's argument that two separate jury's will have to decide whether this grievance was abusive or meritorious. In any event, a jury in 15-1526 will not be asked to evaluate the merit of all of the 36 grievances plaintiff filed between March 12, 2015, and August 20, 2015, in order to determine whether defendant retaliated against plaintiff. (See 15-1526 at ECF No. 46 at 2, 9-10.) In other words, a jury in 15-1526 will not be asked to decide if plaintiff's religious beliefs were sincere.

The undersigned also finds that consolidating these actions for trial, while convenient for defendant, may confuse the jury based on the tangential relationship of the claims raised in these actions.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to consolidate 15-1526 and 1558 for trial (ECF No. 127) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 14, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hoff1558.con

4